## Spickernagle, Appellant, v. Woolworth.

*Negligence—Business invitee—Fall on oiled floor—Nonsuit.*

In an action against the proprietor of a retail shop to recover damages for personal injuries sustained by a customer from a fall on a floor which was alleged to have been negligently oiled, a nonsuit is properly entered where the plaintiff fails to show how long before the accident the floor had been oiled; that the substance used thereon was unusual or improper, that it was oiled in an improper manner, or that it was in any other or different condition than would have resulted from proper oiling.

Argued April 30, 1912. Appeal, No. 130, Jan. T., 1912, by plaintiff, from order of C. P. McKean Co., Dec. T., 1910, No. 30, refusing to take off nonsuit in case of Margaret Spickernagle v. C. S. Woolworth & Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. BOUTON P. J. filing the following opinion:

The plaintiff, while in the store of the defendant for the purpose of purchasing goods, slipped and fell and sustained an injury to her ankle; she brought suit to recover damages, alleging that the fall was caused by reason of the floor having been oiled and negligently suffered to remain in an unsafe condition.

Upon the trial of the case we granted a compulsory nonsuit on the grounds that no negligence on the part of the defendant has been proven. The mere fact that the plaintiff was injured while lawfully on the premises of the defendant does not raise a presumption of negligence on the part of the latter: Stearns v. Ontario

Spinning Co., 184 Pa. 519; Huey v. Gahlenbeck, 121 Pa. 238.

The burden therefore, rested on the plaintiff to show some specific act of negligence, in which we are of the opinion she entirely failed.    It is not negligence to oil a floor or to have an oiled floor: Diver v. Singer Mfg. Co., 205 Pa. 170.

The plaintiff failed to show how long before the accident the floor had been oiled; that the substance used thereon was unusual or improper; that it was oiled in an improper manner, or that it was in any other or different condition than would result from proper oiling. There is no evidence that the material used was not the same as in general use for floor dressings, and to have submitted the case to the jury would have to have allowed them to guess these important and unproven facts or at least some of them.    We are still of the opinion that the compulsory nonsuit was properly granted.

*Error assigned* was in refusing to take off nonsuit.

*R. B. Stone,* with him *T. F. Mullin,* for appellant.

*E. J. Jones* of *Jones & Wick,* for appellee.

PER CURIAM, May 13, 1912:

The judgment in this case is affirmed on the opinion of the court below refusing to take off the nonsuit.