THE F. W. WOOLWORTH CO. *v.* SAXTON.

(Decided October 7, 1930.)

*Messrs. Arnold, Wright, Purpus & Harlor,* for plaintiff in error.

*Messrs. Knepper & Wilcox,* for defendant in error.

HORNBECK, J. Defendant in error, Frances M. Saxton, secured a verdict against plaintiff in error in the common pleas court. Motion for a new trial was filed and overruled. Judgment was rendered

upon the verdict. To this action of the court error is prosecuted.

The petition asserts nine grounds of error, all of which were covered in a general way under headings presented in the briefs, and in oral argument. We refer to the parties as they appeared in the trial court.

The facts in this case, undisputed, are that shortly after noon of Wednesday, September 28, 1927, plaintiff, Frances M. Saxton, entered the store of defendant, and after having walked about twenty feet along an aisle in said store fell and was injured.

The plaintiff asserts that ''the defendant, at the time of the accident complained of, carelessly and negligently maintained the floor in said store building in a dangerous and hazardous condition, in that the said floor was constructed of wood, and was covered with oil, making parts of the surface thereof oily, slippery and unsafe to walk upon.''

The plaintiff claims and offers evidence tending to prove that the floor where she fell was wet or damp with oil; that she slipped on this place on the floor; that a mark where the heel of her shoe had slid over the oil surface was apparent; that oil from the floor was found upon the coat which she was wearing at the time she fell; that her fall was caused by her foot slipping.

The disputed questions of fact in this case relate to the condition of the floor and the cause of plaintiff's fall, the defendant's witnesses testifying that the floor was dry; that there was no evidence of dampness caused by oil; that the floor had been oiled some five weeks prior to the accident. Defendant's witnesses also testified that the process employed in

oiling the floor was proper, and that care had been observed in treating the floor.

The first ground of error asserted relates to the admission of certain testimony given by the plaintiff and Mrs. Pearl Bragunier, who was with plaintiff when she fell, wherein they said that immediately after the plaintiff had fallen a floor walker who came up to her said, "I told them to dry this floor this morning." It is claimed that the individual who made this statement was not identified. However, in view of the record, if this statement was made, as claimed, it in all probability came from Mr. Robins, the manager, or Mr. SirLouis, the assistant manager, as both the plaintiff and Mrs. Bragunier say that the man who came up immediately after her fall, and who got her a chair, was the individual who made the statement. The testimony is convincing that one of these men came up immediately and got her a chair. There is some discrepancy in the proof, as appears from the defendant's testimony, as to which one first came up. Inasmuch as both of them were authorized managing agents of the company, any statement made by them, if competent, would bind the company.

We are of opinion that this testimony was properly admitted for the purpose of showing knowledge on the part of defendant of the condition of the floor. If the evidence had only shown that there was a small damp or wet place caused by oil on the floor, and that it had been properly oiled weeks before, the jury might properly have held that failure to discover this small space with moist oil on it was not want of ordinary care. But if this condition of the floor existed, and was dangerous, and it was known

to the agents of defendant company, it presented a different situation and a stronger inference of negligence against the defendant company. It was competent, as it related to the substantive charge of failure to exercise ordinary care in respect to a known dangerous condition.

It is further claimed that the plaintiff on her own testimony is chargeable with contributory negligence requiring the sustaining of the motion for a directed verdict at the close of the plaintiff's case. This claim is based upon the testimony of the plaintiff that, as she walked along the aisle toward the rear of the store where she was to make her purchase, she did not look at the condition of the floor. She had theretofore stated that she was glancing at the signs above the counters; that she knew in a general way where the article to be purchased was to be found, and therefore was not depending entirely upon her observation of the placards.

The record is silent concerning the place where and the objects at which the plaintiff was looking during the time that she walked the twenty feet from the door to the place where she fell, other than as above stated.

Contributory negligence, like negligence, is not to be presumed, and must appear from the evidence.

Are we required to say that, because the plaintiff did not look at the condition of the floor, she did not look at the floor at all?

In our judgment, the question to which she replied that she had not looked at the condition of the floor, directed her attention more particularly to its oily condition than to a general observation covering any looking whatever.

The record does not present a situation wherein it affirmatively appears that the plaintiff did not look at all, but rather that she did not observe the condition of the floor. We are not justified in reading into her answer a conclusion that she did not at any time observe the floor ahead of her upon which she was walking, and that she was chargeable with contributory negligence as a matter of law.

Finally, it is claimed by the defendant that the plaintiff had failed to sustain her proof touching the charge of the dangerous condition of the floor; that in the absence of expert testimony showing a failure to observe proper procedure in the placing of the oil, or in its removal before use of the floor, the jury could not be permitted to draw an inference of negligence.

As before stated, the plaintiff's testimony was to the effect that she slipped; that after falling she observed the condition of the floor, wet with oil; that there was a mark where she slipped. In this she was corroborated by her friend, Mrs. Bragunier.

That this condition was known to the manager is established, if the jury believed the plaintiff's witnesses, which it had a right to do. This state of facts in our judgment presents a situation from which the jury had the right to draw the inference that, if the condition of the floor was as stated, it was dangerous.

It is common observation that oil on a floor is slippery, and it requires no expert to state that if this situation obtains one may fall. The necessity of showing the process, and failure to observe the correct procedure in placing the oil, might have been presented had not the knowledge of the actual condi-

tion of the floor been brought home to the defendant company.

There was clearly enough testimony to take the case to the jury as against the motion for a directed verdict, and at the time the case was finally submitted the plaintiff did have the statement of an expert witness on the subject, namely, Mr. SirLouis, who, as appears in the record, answered this question as follows:

"Q. I say, if the oil remained on the floor, and the wood becomes saturated, and not enough Fels-Spar put on to dry it so that it remains damp, people can slip on that, can't they? A. Yes, they can.

"Q. And it makes it dangerous to walk on, doesn't it? A. Yes, it does."

The gist of these answers supports the claim of the plaintiff that wet oil on this floor, where plaintiff was walking, made it dangerous.

Our attention is directed to *F. W. Woolworth Co.* v. *Smallwood,* 26 Ohio Law Rep., 474. The charge of negligence in this case was that the defendant carelessly and negligently saturated said floor with oil, and thereby *created* such a dangerous condition that plaintiff, while in said store, at said time, and for the purpose aforesaid, slipped and fell by reason of such condition. It will be noted that the charge in the case cited was that the defendant was careless and negligent in the way in which the floor was covered or saturated with the oil.

In the instant case the negligence alleged was in maintaining the floor in a dangerous and hazardous condition. The plaintiff here may have failed had she been required to show that there was anything improper in the method by which the employees of

124

defendant company applied the oil to the floor. This becomes immaterial because of the knowledge brought home to the defendant that the floor was in a dangerous condition.

*Spickernagle* v. *Woolworth,* 236 Pa., 496, 84 A., 909, Ann. Cas., 1914A, 132, does not present the same state of facts as the instant case, and parallels very closely *Woolworth Co.* v. *Smallwood.*

We recognize that parts of the opinion in *Woolworth* v. *Smallwood* are at variance with our theory of the law in this case, but upon the whole we believe the distinction we make is justified and is strengthened by consideration of the syllabus in *Spickernagle* v. *Woolworth, supra.*

We find no error in this record manifestly prejudicial to the defendant.

The judgment of the trial court will therefore be sustained.

*Judgment affirmed.*

KUNKLE, P. J., and ALLREAD, J., concur.