## ROBISON v PENNY CO

Ohio Appeals, 9th Dist, Wayne Co

No 924.  Decided Feb 26, 1934

Starn & Etling, Wooster, for plaintiff in error.

Burt, Kinnison, Carson & Shadrach, Canton, for defendant in error.

444

**OPINION**

By STEVENS, J.

The only question here presented is whether or not an evidentiary, showing of the presence of oil on the floor of a store frequented by the public, that the oil was placed there by the defendant, that the floor was slippery, and that a fall and injury to an invitee in said store resulted, presents a question which, in the absence of excuse or explanation, justifies a court in determining as a matter of law that the owner or lessee of said store exercised ordinary care and prudence to render the premises

reasonably safe for the use of his invitees.

The rule with reference to the duty owed by the owner or lessee of premises to invitees was laid down in 2 Cooley on Torts (3rd ed.), p. 1259, as follows:

"* * * when he" ·(the owner or lessee) "expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger,. and to that end he must exercise ordinary care and· prudence· to render the premises reasonably safe for the visit."

This rule has been followed with approval by the Supreme Court of Ohio in the case of **Cincinnati Base Ball Club Co. v Eno, 112 Oh St 175**, syllabus 1:

"1. One who expressly or by implication invites others to come upon his premises must exercise ordinary care to guard them against danger, and to that end he must exercise ordinary care to render the premises reasonably safe for· the invitees."

The defendant herein places reliance upon and justifies the action of the trial court herein by the following cases: **Bonawitt v Sisters of Charity, 43 Oh Ap 347, (11 Abs 303)**; **Woolworth v Smallwood, 26 OLR 474**; Tenbrink v F. W. Woolworth Co. (R. I.), 153 Atl. 245; Abbott v Richmond County Country Club (N. Y.), 148 NE 762; Spickernagle v C. S. Woolworth & Co. (Pa.), 84 Atl. 909; and Diver v Singer Mfg. Co. (Pa.), 54 Atl. 718.

Whether the direction of a verdict for defendant by the trial court in the Bonawitt case came at the conclusion of the plaintiff's case, or after the presentation of all of the evidence of both parties, does not definitely appear from the opinion, but the inference might be justified, from the wording of the opinion, that the verdict was directed at the conclusion of plaintiff's case in chief.

In the Woolworth v Smallwood case, no verdict was directed by the trial court, but the Court of Appeals reversed and remanded a judgment in favor of plaintiff, on the ground that the trial court erred in not directing a verdict for defendant at the close of plaintiff's case.

In the Tenbrink case, the verdict was directed at the conclusion of all of the evidence, "for want of positive proof of negligence."

The Abbott case, supra, resulted in a verdict in favor of plaintiff, which, upon

review, was reversed and final judgment entered in favor of defendant, for the reason "that the condition described was not such as to charge defendant with negligence."

The Spickernagle case, from a reading of the opinion, apparently resulted in a nonsuit at the conclusion of plaintiff's case, "on the ground that no negligence upon the part of the defendant has been proven."

Diver v Singer Mfg. Co. resulted in a verdict for plaintiff, which was reversed by the Supreme Court of Pennsylvania, and judgment for defendant entered, for the reason that defendant would not be "responsible for injuries sustained by another employee who had the fullest opportunity to observe the condition of the floor."

In the Bonawitt case, supra, plaintiff fell from slipping upon the highly polished floor of a hospital, upon which wax or oil had been used. The Court of Appeals affirmed a judgment for defendant entered in the trial court as the result of a directed verdict. In its opinion the Court of Appeals said:

"No evidence was introduced tending to show any negligence in the method used, or in the manner of waxing or polishing the floor, or that any different material was used than is ordinarily used for such purposes. Nor was any evidence introduced tending to show that any greater or lesser quantity was applied than is ordinarily used for such purposes, nor that it was improper to wax or oil linoleum, nor that the result would be in any respect different when the material is applied to linoleum instead of to hard wood, the plaintiff relying simply upon the proposition that the floor had been waxed and polished and as a result was slippery."

The court then declared the following:
"An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them. If a recovery is to be had, something more must appear than that the floor has had such treatment as is ordinarily applied in the care of floors."

The general rule with reference to what are questions of fact for determination by juries is stated as follows:
"What is ordinary care, what is reasonable safety, and the like, are, in the first instance, usually questions for the de-

termination of the jury, under all the evidence and proper instructions by the court appropriate to the particular circumstances of each case, and the issues thereof."

29 O. Jur., "Negligence," §196, p. 712.
Gibbs v Girard, 88 Oh St 34, syllabus 4.

This court has heretofore been most attentive to the above rule, considered in connection with the scintilla rule announced by the Supreme Court in the case of Ellis & Morton v Ohio State Life Ins. Co., 4 Oh St 628, and later restated in Clark v McFarland, 99 Oh St 100, and other cases. The scintilla rule, however, has been abrogated by the Supreme Court of this state, by its decision in the case of Hamden Lodge v Ohio Fuel Gas Co., No. 24385, decided Feb. 7, 1934, and the scintilla rule no longer obtains in Ohio, the rule being now stated:

"3. Upon motion to direct a verdict, the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can reasonably come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"4. Where from the evidence reasonable minds may reasonably reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

In the case of Woolworth v Smallwood, supra, the court in its opinion stated the following:
"Here the specific charge of negligence is preferred against plaintiff in error as outlined in the latter part of said proposition. It is, in short, that said floor was oiled to such an extent that it was slippery and dangerous to walk upon, etc. If this condition of things was found by the jury under the evidence, showing a want of ordinary care on the part of plaintiff in error, by which defendant in error met such fall and suffered such injuries, plaintiff in error would be liable therefor.

"In its answer it denies the charge of placing oil on the floor to such an extent that it was dangerous for persons to walk on, or that it saturated such floor with oil and thereby created a dangerous condition for persons having occasion to be in said store. On the contrary, it says 'that said floor would dry and was not in a slippery

condition and that if defendant was injured, as set forth in her petition, that said injuries were brought about and caused by the negligence of plaintiff herself.' * * *

"On page 21 of the record it appears that defendant in error on cross-examination was asked the following question and made the following reply thereto:

" 'Q. You didn't see any pool of oil or any lot of oil on the floor, did you, or water?

" 'A. No, just wet, that is all.'

"While the answer to this inquiry was not as full and explanatory as it might have been, still it does show that the floor was simply wet, not overrunning with oil as the petition would indicate, and if in this condition, would there be any **active negligence** on the part of plaintiff in error, such as would create a liability for any injury that any customer in the store might suffer? The mere fact that defendant in error was injured while in said store does not raise a presumption of negligence on the part of plaintiff in error. As laid down in **S. S. Kresge Co. v Fader, 116 Oh St, p. 718:**

" 'Owners or lessees of stores owe a duty to the patrons of the store to exercise ordinary care to prevent accident and injury to the patrons while in the store, but they are not insurers against all accidents and injuries to such patrons while in the store.' "Also see 191 Ky. Rep., p. 557.

"Negligence is a question of fact requiring proof and is not to be presumed, especially when it is expressly denied. Here there was no proof that the oil used, followed by a covering of Felspar, was not a proper method of cleaning said floor, or that said oil was not a proper substance for cleaning floors, or that the material used was not generally used for said purposes. The charge in the petition suggests that the floor was rendered dangerous by the application of oil in immoderate quantities, etc., but the answer to said charge is that the floor was simply wet by oil or water. Is this such a condition as would create a liability of plaintiff in error under the law? * * *

"Under the facts and law as found in the foregoing cases we think that the motion made on behalf of plaintiff in error at the close of defendant in error's case for a directed verdict in favor of plaintiff in error should have been sustained, and that the court in failing to sustain the same, committed error."

Where, as in the above case, an allegation is made by plaintiff that the defendant, through its agent, placed oil upon the floor of a store, thereby making said floor slippery and dangerous for persons to walk upon, and the placing of said oil upon said floor is admitted by the defendant, but denial is made that said oil was improperly placed upon said floor or placed there in excessive quantities, and further that the condition of said floor was dry and not dangerous for persons to walk upon, an issue is thus created which, if substantiated by competent testimony in support of the allegations of the petition, presents, in our judgment, a question of fact for determination by a jury as to whether or not the floor was slippery and dangerous, and if so, whether or not the creation of the condition alleged to exist constituted the exercise of ordinary care and prudence by the owner or lessee of said premises to render the same reasonably safe for the use of his invitees.

We are fully aware that the Supreme Court has recently had opportunities to pass upon cases somewhat similar to the case here presented, in the following instances: McCune v Kroger, etc., Co., No. 24443; and John Meckes Sons Co. v Asperger, No. 24091. Both of these cases, after consideration by the Court of Appeals, resulted in judgments for the defendants, and upon motion to certify, the Supreme Court overruled those motions, allowing judgments for the defendants to stand.

We are further aware of the case of Greyhound Lines, Inc. v Martin, decided by the Supreme Court on Feb. 14, 1934, No. 24154. That case was somewhat similar to the case at bar, and was considered upon its merits by the Supreme Court. However, therein the court did not lay down a rule upon which a decision in the case at bar may be predicated, for the reason that the conclusion there reached was based upon a failure of plaintiff to present any testimony "even tending to show that the cleaned space, upon which plaintiff stepped and fell, contained any soapy material. No witness supports that allegation of the petition. The plaintiff's whole case seems to rest upon an inference of negligence arising from the fact that the mark of a slipping shoe heel was found where she fell; but whether her slipping was caused by any negligent act of the defendant, is purely speculation."

The case of **F. W. Woolworth Co: v Saxton, 39 Oh Ap 118, (10 Abs 574),** decided Oct. 7, 1930, by the Court of Appeals for Franklin County, was not cited by counsel in this case. Syllabus 5 of that case reads as follows:

"5. In customer's action for injuries sustained in slipping on alleged oily floor, negligence of store in maintaining floor in dangerous condition, **held** for jury."

We have carefully considered the opinion and the authorities cited therein, and are very favorably impressed with the reasoning contained in Judge Hornbeck's opinion in said case.

We are unable to discern why an exception to the general rule defining what are questions for juries should be made in favor of the keeper of a store. We have been unable to find any such rule enunciated by the Supreme Court in any of the cases examined by us.

The question is one to be determined upon the peculiar facts in each case, and it is recognized that in some cases it is the duty of the court to determine, under the facts of that particular case, that reasonable minds can reasonably come to but one conclusion, and that that conclusion is adverse to the plaintiff, in which event it is the duty of the court to direct a verdict, and in some instances that may be properly done at the end of plaintiff's case in chief.

In the case at bar, the evidence shows the placing of oil upon the floor of defendant's premises by the agents of defendant, and that on the day in question the floor where plaintiff fell was oily and greasy; hence the question of notice is not injected into our consideration. The record evidence further discloses testimony to the effect that there was oil upon the floor, that said floor was thereby made slippery, and that plaintiff slipped thereon by reason of the oil causing the same to be slippery, as was shown not only by her heel mark thereon, but by her positive testimony as to what caused her to fall, and her testimony that after the fall her hand, stockings and skirt were oily and greasy.

We are of the opinion, in this particular case, that, under the rule stated in Gibbs v Girard, supra, and as stated in Ohio Jurisprudence as above set forth, the evidence herein, when construed most strongly against the defendant, and in the absence of any excuse or explanation, was sufficient to raise a jury issue as to whether or not the defendant exercised ordinary care to render its premises reasonably safe for use by invitees, and that the selection of the oil used and the manner of its application, were purely matters of defense which did not need to be anticipated by plaintiff in the presentation of her case in chief.

It necessarily follows that we are of the opinion that the trial court erred in directing a verdict in favor of defendant at the close of plaintiff's case. For error in so directing a verdict for defendant, the judgment of the Court of Common Pleas will be reversed and the cause remanded.

The conclusion which we have reached herein is in direct conflict with the case of **Woolworth v Smallwood, 26 OLR 474,** and we therefore certify this case to the Supreme Court as being in conflict with the decision by another Court of Appeals.

WASHBURN, PJ, and FUNK, J, concur in judgment.