DECISION AND JUDGMENT ENTRY
{¶ 1} Katherine L. Mollett, a minor, by and through her natural mother and next friend, Betty Mollett, appeals the decision of the Scioto County Court of Common Pleas granting Dollar General Corporation's motion for summary judgment. Because we find that Katherine has demonstrated the existence of a genuine issue of material fact with regard to whether Dollar General created or had knowledge of the hazard that caused her accident, we sustain Katherine's sole assignment of error and reverse the judgment of the trial court.
 I. {¶ 2} On a bright, sunny day in August 1994, Katherine, age eight, entered the Dollar General Store in Wheelersburg, Ohio with her mother, brother, and cousin. She went to get a shopping cart from the front of the store. As she approached the carts, her feet slipped out from under her and she fell, smashing her face onto the concrete floor. Katherine broke her left front tooth and scraped her knee.
 {¶ 3} On August 8, 2003, Katherine filed a complaint against Dollar General Corporation, wherein she alleged that Dollar General's negligence proximately caused her injuries. Specifically, Katherine alleged that, at the time of her fall, the floor was wet. Katherine claimed that before her accident, Dollar General's employees mopped the floor and negligently failed to warn her that the floor was wet.
 {¶ 4} Dollar General moved the trial court for summary judgment on the ground that Katherine could not demonstrate how long the hazard existed or what caused it. The trial court found that Katherine speculated as to the cause of the hazard but failed to produce any evidence to establish the cause of the hazard or how long it existed. Additionally, the trial court found that Katherine failed to present evidence that Dollar General had either actual knowledge of the hazard or that the hazard existed for a sufficient length of time that Dollar General should have known of its existence. Accordingly, the trial court found that there were no genuine issues of material fact and that Dollar General was entitled to judgment as a matter of law.
 {¶ 5} Katherine timely appeals, raising the following assignment of error: "The Court erred in granting [Dollar General's] Motion for Summary Judgment by finding that no genuine issues of material fact existed; where [Katherine] presented credible evidence that store employees had actually created the hazard through negligent mopping of the area in question; that store employees failed to warn customers of the hazardous condition; and the trial court erred in granting summary judgment as a matter of law."
 II. {¶ 6} In her sole assignment of error, Katherine contends that the trial court erred in granting Dollar General's motion for summary judgment.
 {¶ 7} Summary judgment is appropriate when the court finds that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56. See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's ecision in answering that legal question." Morehead at 411-12. See, also, Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806,809.
 {¶ 8} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988)38 Ohio St.3d 112, 115. The moving party bears this burden even for issues for which the nonmoving party may bear the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist."Morehead at 413. Civ.R. 56(C) specifically provides that a trial court shall only consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *."
 {¶ 9} As we have previously found, a proprietor is not an insurer of his invitee's safety against all forms of risk. Louderback v. Big BearStores Co. (Oct. 2, 1996), Pike App. No. 96CA569, at *2, citing S.S.Kresge Co. v. Fader (1927), 116 Ohio St. 718, paragraph one of the syllabus. In a slip and fall negligence action, a business invitee must prove, by a preponderance of the evidence, that: (1) the proprietor caused the hazard complained of; or (2) the proprietor or one of its employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) the danger presented by the hazard existed for a sufficient length of time to reasonably justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Louderback at *2, citing Johnsonv. Wagner Provision Co. (1943), 141 Ohio St. 584, 589. Thus, in order to survive Dollar General's motion for summary judgment, Katherine must demonstrate the existence of a genuine issue of material fact with regard to Dollar General either causing the floor to be wet, or having actual or constructive knowledge of the hazardous condition.
 {¶ 10} In its motion for summary judgment, Dollar General contends that Katherine cannot prove how or when the floor got wet. Dollar General relies upon Katherine's deposition testimony to demonstrate that Katherine cannot prove that Dollar General caused the hazard or had actual or constructive knowledge of the hazard. Specifically, Katherine testified:
Q.: Okay. Do you know why the floor was wet?
A.: No.
Q.: Do you know how long the floor had been wet?
A.: No.
 {¶ 11} In response to Dollar General's motion for summary judgment, Katherine argues that a Dollar General employee created the hazard that caused her injury by mopping the floor, or that Dollar General knew or should have known that the floor was wet. In support of her arguments, Katherine submitted the affidavits of her mother, Betty Mollett, and her cousin, Jeanie Cooper, both of whom were present at the time of her injury, and the transcript of Mrs. Mollett's November 5, 2003 deposition.
 {¶ 12} Katherine argues that a genuine issue of material fact exists as to whether Dollar General or its employees created the hazard that caused her injuries. In their affidavits, both Mrs. Mollett and Mrs. Cooper aver that water covered all of the floor they could see from their position at the front of the store, near the carts and check out counters. They aver that the water did not appear to be from a spill, and that there were no containers in the area that would suggest a spill. Both women opine that the water "appeared" to have been spread across the floor by a mop.
 {¶ 13} Additionally, in her affidavit, Mrs. Mollett avers that she overheard a conversation between Sandra Clark, the assistant manager, and Flo Howell, another Dollar General employee, wherein Ms. Clark stated "we should probably get the mop and wipe it up some more." Based upon this statement of the assistant manager, Katherine argues that the words "some more" necessarily imply a previous attempt to mop the floor.
 {¶ 14} During the course of her earlier deposition, when questioned about the source of the water on the store floor, Mrs. Mollett testified that she "assumed" the floors had been mopped. Specifically, Mrs. Mollett testified:
Q.: Do you know why the floor was wet?
A.: I'm assuming they mopped.
Q.: When you say you assumed, what is your belief — what's your reason for assuming that they mopped? Just that the floor was wet?
A.: Just that the floor was wet, yes.
Q.: Did anybody tell you that they had mopped?
A.: No.
Q.: Did you see a bucket or a mop anywhere?
A.: No.
Q.: Did you see any sort of sign that said "wet floor or "cleaning in progress," anything that indicated that they had mopped the floor?
A.: No.
 {¶ 15} Additionally, when questioned about anything the Dollar General employees said at the time of the accident, Mrs. Mollett testified as follows:
Q.: Besides saying what happened and that the dentist can fix that, did this first employee that came up to the front of the store say anything else to you?
A.: No.
* * *
Q.: When the second employee came up to the front of the store, what did she do?
A.: Nothing.
Q.: Did she say anything?
A.: No.
Q.: Besides the two comments that the first employee said to you, did you hear any other statements by any Dollar General employees while you were there at that time?
A.: I didn't understand the question.
Q.: I'm sorry. That was a bad question. Did the two employees speak to each other?
A.: I'm going to say I don't remember, because I don't want to say either way. I honestly don't remember.
 {¶ 16} Dollar General contends that Katherine failed to produce any evidence to establish the origin of the hazard. Specifically, Dollar General argues that mere speculation and assumptions regarding the source of the water on the floor are insufficient to show that Dollar General either created or had knowledge of the hazard, and that Mrs. Mollett's affidavit is not properly admitted as evidence because it: 1) contradicts her previous deposition testimony; 2) contains hearsay; and 3) attempts to offer legal conclusions and conclusory allegations.
 {¶ 17} The Ohio Supreme Court held that it is inappropriate for a court to grant summary judgment to a litigant when the litigant supports his or her motion with an affidavit that is inconsistent with his or her earlier deposition testimony because there exists a question of credibility that only the trier of fact can resolve. Turner v. Turner
(1993), 67 Ohio St.3d 337, paragraph one of the syllabus. We have found that "[g]enerally, a nonmoving party cannot defeat a motion for summary judgment by submitting an affidavit which, without good explanation, contradicts that party's previous deposition testimony." Steiner v.Steiner (July 12, 1995), Scioto App. No. 93CA2191, at *3, citingCrosswhite v. Desai (1989), 64 Ohio App.3d 170; Brannan v. Rinzler
(1991), 77 Ohio App.3d 749; Pain Ent. v. Wessling (Mar. 22, 1995), Hamilton App. No. C-930888; McCain v. Cormell (June 30, 1994), Trumbull App. No. 93T-4967; Bellian v. Bicron Corp. (Dec. 18, 1992), Geauga App. No. 92-G-1695; Gagne v. Northwestern Nat. Ins. Co. (C.A.6, 1989),881 F.2d 309, 315. This position is not an absolute bar to the consideration of any affidavit that contradicts prior deposition testimony. A court may consider a contradictory affidavit where the affiant can provide a legitimate reason for the contradiction, including, but not limited to, affiant's confusion at the time of the deposition, or affiant's previous lack of access to material facts coupled with affiant's averment of newly discovered facts. See, e.g.,Push v. A-Best Prod. Co. (Feb. 20, 1996), Scioto App. No. 94CA2306, at fn. 8; Bulishak v. Finast Supermarkets (Mar. 19, 1992), Cuyahoga App. No. 62301, at *2.
 {¶ 18} Here, Mrs. Mollett avers that at the time of her deposition, over nine years after her daughter's accident, she could not remember the names of the store employees or everything that was said at the scene of the accident. Mrs. Mollett notes that, in her deposition, she testified that she had the name of the store employee written down at home. Mrs. Mollett's affidavit indicates that she refreshed her memory after her deposition by reviewing those handwritten notes, written the evening of the accident. Additionally, Mrs. Mollett attaches a copy of her handwritten notes to her affidavit. In her notes, Mrs. Mollett wrote that after she found Katherine's broken tooth, "* * * asst. manag. [Sandra Clark] said to clerk Flo Howell we probly (sic) should get the mop and [wipe] it up some more." Given the lapse of time, and the existence of Mrs. Mollett's own notes written the day of the accident, which were not available to her at her deposition, we conclude that Mrs. Mollett sufficiently explained the conflict between her deposition testimony and her affidavit. Accordingly, we shall consider Mrs. Mollett's affidavit.
 {¶ 19} Dollar General contends that Mrs. Mollett's averment that she heard Ms. Clark tell Ms. Howell, "we should probably get the mop and wipe it up some more[,]" constitutes inadmissible hearsay. Civ.R. 56(E) requires that: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "Personal knowledge" is "[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." Black's Law Dictionary (7th Ed. Rev. 1999) 875.
 {¶ 20} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). Hearsay is not admissible as evidence. Evid. R. 802. Here, Katherine submits her mothers averment that she overheard Sandra Clark, the assistant manager, tell the other store employee, "we should probably get the mop and wipe it up some more[,]" to prove the truth of the matter asserted — namely that an employee previously mopped the floor, and that, after Katherine's accident, the assistant manager thought they should mop it "some more."
 {¶ 21} However, Evid.R. 801(D)(2)(d) provides that a statement is not hearsay if it is made by a party's agent or servant concerning a matter within the scope of his or her agency or employment during the existence of the relationship. We have previously held that the party claiming admissibility under this exception to the hearsay rule bears the burden of showing that the statements concerned a matter within the scope of the declarant's employment. Pennisten v. Noel (Feb. 8, 2002), Pike App. No. 01CA669, at *2, citing Gerry v. Saalfield Square Properties (Feb. 9, 1999), Summit App. No. 19172; Brock v. General Elec. Co. (Jan. 30, 1998), Hamilton App. No. C-970042.
 {¶ 22} Here, the record contains no evidence specifically enumerating Ms. Clark's employment duties. However, in her affidavit, Mrs. Mollett avers that Ms. Clark was the assistant manager of the Dollar General store. Common sense dictates that the assistant store manager's duties would include oversight of store employees and store operations. Accordingly, we conclude that Mrs. Mollett's averment that Ms. Clark stated, "we should probably get the mop and wipe it up some more[,]" is admissible for the purpose of demonstrating that Dollar General either created the hazard or had knowledge of the condition of the floor before Katherine's accident. See F.W. Woolworth Co. v. Saxton (1930),39 Ohio App. 118, 120 (admitting a store manager or assistant store manager's statement that "I told them to dry this floor this morning[,]" as the statement of an authorized managing agent of the company to demonstrate the defendant's knowledge of condition of the floor.)
 {¶ 23} Based upon the foregoing, we find that Katherine has demonstrated the existence of a genuine issue of material fact with regard to whether Dollar General created or had knowledge of the hazard that caused her accident. Accordingly, we sustain Katherine's sole assignment of error, reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Dissents.
Grey, J.: Concur in Judgment and Opinion.