OPINION
{¶ 1} Appellant, Theresa Bowling, appeals from the judgment of the Lake County Court of Common Pleas awarding appellee, Walmart Stores, Inc., summary judgment. For the reasons set forth below, we affirm the trial court's order.
 {¶ 2} On September 1, 2002, appellant was shopping at the Eastlake Walmart. The evidence indicates, at some point, appellant entered and used the restroom near the layaway department. Upon flushing the commode, the restroom stall began to flood *Page 2 
with water. When appellant moved to exit the stall, she slipped in the puddling water and fell. After exiting the restroom, appellant reported the incident to an unnamed employee of appellee working in the layaway department. The employee allegedly indicated an awareness of "problems in the restroom." The assistant manager, Nancy Garnett-Smith, was notified and, according to appellant, stated she "knew that something was wrong with the restroom."
 {¶ 3} On October 5, 2006, appellant filed a complaint in the Lake County Court of Common Pleas sounding in negligence. On October 16, 2006, appellee filed its answer. Appellee ultimately moved for summary judgment on March 15, 2007 to which appellant duly responded on April 13, 2007. On June 14, 2007, the trial court awarded summary judgment in appellee's favor. The trial court determined that the statements relayed to appellant by appellee's employees were inadmissible hearsay and therefore appellant failed to create a genuine issue of material fact that appellee had notice of the alleged hazard. Appellant filed this timely appeal and alleges the following assignment of error:
 {¶ 4} "The trial court erred in failing to admit party-opponent testimony for purposes of summary judgment."
 {¶ 5} We review a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the nonmoving party, that *Page 3 
conclusion favors the moving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} The moving party bears the initial burden of providing the trial court a basis for the motion and is required to identify portions of the record demonstrating the absence of genuine issues of material fact pertaining to the non-moving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The burden then shifts to the non-moving party to set forth specific facts that would establish a genuine issue for trial. Id. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a blank assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C).Dresher. Similarly, the non-moving party may not rest on conclusory allegations or denials contained in the pleadings; rather, he or she must submit evidentiary material sufficient to create a genuine dispute over material facts at issue. Civ.R. 56(E); see, also, Dresher.
 {¶ 7} To determine whether a genuine issue exists, a reviewing court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must necessarily prevail as a matter of law. Spatar v. Avon OaksBallroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443, at ¶ 16, citingTurner v. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. *Page 4 
 {¶ 8} To establish a cause of action for negligence, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77. Here, it is undisputed that appellant was an invitee on appellee's business premises. It is well-settled that a shopkeeper owes a business invitee the duty to exercise ordinary and reasonable care. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80,2003-Ohio-2573. This obligation includes keeping the business premises in a reasonably safe condition and warning any invitees of latent or concealed defects of which the shopkeeper has or should have knowledge.Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632, 635-636, citingJohnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 9} In a premises liability action, the Supreme Court has held a plaintiff may prove a breach of duty if any one of three conditions is met: (1) the defendant, via its officers or employees, was responsible for the hazard at issue; (2) at least one of such individuals had actual knowledge of the hazard and failed to provide adequate notice of its presence or promptly remove it; or (3) the hazard existed for a sufficient length of time to reasonably justify the inference that the failure to warn against it or remove it was attributable to a lack of reasonable care. Johnson, supra; see, also, Hudspath v. The CafaroCo., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 9. These factors notwithstanding, a shopkeeper is not an insurer of an invitee's safety while he or she is on the shopkeeper's premises. Mealy v.Sudheedra, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 29. *Page 5 
 {¶ 10} Under the circumstances, appellant contends the toilet leak at issue created an unsafe condition about which appellee either knew or should have known. In support, appellant testified, in her deposition, that two of appellee's employees, an assistant manager, Nancy Garnett-Smith and an unnamed layaway associate, had actual knowledge of the toilet's defects. In particular, during her deposition, she testified that both employees stated "they knew that something was wrong with the restroom * * *." Appellant maintains that this statement was admissible non-hearsay under Evid.R. 801(D)(2), which provides:
 {¶ 11} "* * * A statement is not hearsay if:
 {¶ 12} "* * * The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity, or (b) a statement of which he has manifested his adoption or belief in its truth, or (c) a statement by a person authorized by him to make a statement concerning the subject, or (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."
 {¶ 13} Appellant maintains subsection (d) is applicable to the statements at issue and, although she did not offer particularized evidence of the scope of the declarant-employees' employment, she asserts Garnett-Smith's role as an assistant manager necessarily includes oversight and awareness of general store operations. Accordingly, appellant concludes that the evidence of Garnett-Smith's undisputed role as assistant manager was sufficient to establish that restroom maintenance was a matter within the *Page 6 
scope of her employment. Appellant therefore contends she met her reciprocal burden under Civ.R. 56(E) by creating a genuine issue of material fact as to whether appellee breached its duty of reasonable care.
 {¶ 14} Alternatively, appellee contends Evid.R. 801(D)(2)(d) is applicable only to the extent appellant specifically demonstrated the statements at issue concerned matters within the scope of the declarant-employees' employment. Because appellant failed to present any evidence regarding the employees' relative employment roles, viz., whether the scope of their employment contemplates an awareness of restroom and/or toilet maintenance, appellee concludes appellant failed to meet her reciprocal burden under Civ.R. 56. In support, appellee cites St. Clair v. K-Mart Apparel Des Plaines Court, 6th Dist. No. WD-99-080, 2000 Ohio App. LEXIS 3737.
 {¶ 15} In St. Clair, an elderly woman was knocked to the floor when an automatic door at the entrance of Kmart closed on her causing injuries. She alleged Kmart was negligent for failing to keep its premises in a reasonably safe condition. She asserted Kmart knew of the defect in the doors and failed to warn her against it. In support, the plaintiff submitted evidence that an employee working at the service desk had stated she was aware that the door was having trouble with its sensors. However, the plaintiff failed to identify the declarant's employment position at Kmart. The trial court determined the statement was inadmissible hearsay and declined to consider it in ruling on Kmart's motion for summary judgment.
 {¶ 16} On appeal, the plaintiff argued that the evidence was not hearsay and was admissible as an admission of a party opponent under Evid.R. 801(D)(2). The Sixth Appellate District disagreed holding the plaintiff failed to meet her burden of *Page 7 
demonstrating that the statement at issue concerned a matter within the scope of the employee's employment. The court observed: "* * * Besides being an employee of Kmart, the declarant was never identified, although it was believed she worked behind the service desk. There is no evidence that employees behind the service desk were responsible for the doors or door sensor maintenance." St. Clair, supra, at *8. As a result, the appellate court affirmed the trial court's decision.
 {¶ 17} We believe the instant matter is distinguishable from St.Clair. First, St. Clair pertained to statements made by an unidentified employee who was working at a service desk. The service desk is a specified position ostensibly unrelated to maintenance issues. Alternatively, appellant attested to a statement made by a specific, named individual who was the assistant manager of the store. It is patent that one occupying a managerial position has a broader, more general scope of employment than clerks and cashiers. In this respect, the evidence that Garnett-Smith knew "something was wrong with the restroom" would be something within the ken of an assistant manager of a store.[1]
 {¶ 18} In Mollett v. Dollar General Corp., 4th Dist. No. 04CA2941,2005-Ohio-589, the Fourth Appellate District was asked to address an issue similar to the matter before this court. In Mollet, the plaintiff, a minor girl, through her mother, filed suit against the defendant after slipping and falling in defendant's store. After the fall, the plaintiff's mother overheard the store's assistant manager remark "`we should probably get the mop and wipe it up some more[.]'" Id. at ¶ 19. The mother interpreted the *Page 8 
statement to indicate that the assistant manager had previously mopped the floor and, therefore, was aware of the hazard. However, the plaintiff failed to put forth any evidence specifically defining the assistant manager's employment duties. In allowing the statement pursuant to Evid.R. 801(D)(2)(d), the court held:
 {¶ 19} "Common sense dictates that the assistant store manager's duties would include oversight of store employees and store operations. Accordingly, we conclude that [the plaintiff's] averment that [the assistant manager] stated, `we should probably get the mop and wipe it up some more[, ]' is admissible for the purpose of demonstrating that Dollar General either created the hazard or had knowledge of the condition of the floor before Katherine's accident." Id. at ¶ 22. See, also, F.W. Woolworth co. v. Saxton (1930), 39 Ohio App. 118, 120
(admitting a store manager or assistant store manager's statement that "I told them to dry this floor this morning[, ]" as the statement of an authorized managing agent of the company to impute knowledge of the condition of the floor to the defendant.)
 {¶ 20} In recognition of the Fourth District's holding inMellot, we hold that knowledge of general matters of store operation, such as something "being wrong" with a restroom, can be imputed to an assistant manager. Thus, we conclude Garnett-Smith's statement was admissible non-hearsay pursuant to Evid.R. 801(D)(2)(d). The trial court therefore erred in ruling the evidence inadmissible hearsay.
 {¶ 21} However, our analysis does not end with this conclusion. Even though we hold the trial court erred in not admitting the Garnett-Smith admission, we nevertheless believe the admission was insufficiently detailed to indicate appellee breached its duty of ordinary care. Garnett-Smith's admission demonstrates that appellee was aware that *Page 9 
"something was wrong" with the restroom. However, the admission does not specifically define the nature of the alleged problem. Appellant asserted the toilet began to leak subsequent to being flushed. When she attempted to leave the bathroom stall, she stated she slipped on the water that had collected from the leak. Although appellant put forth evidence that Garnett-Smith had some purported knowledge that "something was wrong with the restroom," this does not indicate appellee had knowledge of any problem related to a toilet or leak, let alone the specific toilet leak within the stall in which appellant fell.
 {¶ 22} The statement alone, given its vagueness and ambiguity, is inadequate to demonstrate notice of the problem at issue. Moreover, without some evidence that the leak was pre-existing or had persisted for a time sufficient to alert the defendant (e.g., evidence of puddled water around the commode or stall or observations from other store patrons regarding the leak), we cannot conclude appellee had notice, constructive or otherwise, of the specific hazard allegedly causing appellant's fall. We therefore hold appellant cannot meet her reciprocal burden by merely producing Garnett-Smith's ill-defined, generic statement that something was wrong with the restroom at large.
 {¶ 23} Appellee had a duty to exercise ordinary and reasonable care in keeping its premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which it had or should have had knowledge. Given the state of the evidence, we hold that appellant failed to create a genuine issue of material fact that appellee knew or should have known of the defect requiring it to warn her and other invitees.
 {¶ 24} Appellant's assignment of error is overruled. *Page 10 
 {¶ 25} For the reasons discussed herein, we hold the trial court erred in failing to admit the evidence of appellee's assistant manager's admission; however, because appellant failed to put forth sufficient evidence to create a material issue of fact relating to the breach prong of the negligence analysis, we affirm the trial court's ultimate decision to award summary judgment in appellee's favor.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concurs.
[1] With this in mind, we believe the unnamed layaway associate in the instant matter is akin to the unnamed service desk employee in St.Clair. Thus, without some evidence that the Walmart layaway associate's scope of employment entailed addressing problems with store restrooms, the statement of that associate would fall outside the pale of Evid.R. 801(D)(2)(d) pursuant to St. Clair. *Page 1