**In the Matter of Lisa L. WOJIHOSKI-SHALER.**

No. 49S00–9011–DI–756.

Supreme Court of Indiana.

Dec. 8, 1992.

---

Robert W. Hammerle, Peoples Bank Building, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Supreme Court Disciplinary Com'n.

### PER CURIAM.

The Disciplinary Commission has charged the Respondent with engaging in a criminal act that reflects adversely on her fitness to practice law in violation of Rule

---

8.4(b) of the *Rules of Professional Conduct for Attorneys at Law* and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(c). In accordance with Ind. Admission and Discipline Rule 23(11)(d), the parties have tendered to this court a conditional agreement for discipline. We accept the agreement.

Adopting the facts agreed by the parties, we now find that the Respondent, an attorney subject to the disciplinary jurisdiction of this Court, was employed by a corporation which sold satellite equipment to private purchasers. In this capacity, she performed both legal and clerical functions for the company. During the period of time between December 6, 1988, and December 8, 1988, as agreed by the parties, "Respondent did willingly and knowingly assist in receiving interstate or foreign communications by radio, that is, scrambled satellite programming signals, and use such communications to her own benefit or for the benefit of other persons not entitled thereto in violation of Title 47, United States Code, Section 605(a), and Title 18, United States Code, Section 2. Respondent was charged for this violation of law in the United States District Court for the Southern District of Indiana, pleaded guilty to the offense, and on or about April 10, 1990, was sentenced by the District Court to probation for a period of one year."

In the facts presented in mitigation, Respondent notes that she was engaged to the individual who owned the corporation. On December 8, 1988, while the Respondent was on the premises, an undercover F.B.I. agent engaged the Respondent in a conversation. During this conversation, Respondent informed the undercover agent on how an illegally modified "chip" operates.

Based on these facts, the parties have agreed to the existence of misconduct and the imposition of a thirty (30) day suspension from the practice of law.

■ As in all cases where an attorney is charged with violating Rule 8.4(b), the issue presented is whether there is a nexus between Respondent's conduct and her professional fitness. *In the Matter of John T.*

*Roche, Jr.,* (1989), Ind., 540 N.E.2d 36; *In the Matter of Stephen A. Oliver,* (1986), Ind., 493 N.E.2d 1237. At first blush, it may appear that the transgression involved in this case has little relationship to the practice of law. This stems from the abstract nature of the property rights impacted by Respondent's conduct, to-wit: scrambled satellite programming signals. But when viewed with an appreciation that the property interests in question are protected rights, Respondent's conduct can be seen as counseling another on the theft of such rights. We conclude that the requisite nexus exists in this case and that, by reason of the acts set forth above, Respondent violated Rule 8.4(b).

■ We do not reach the same conclusion as to the charge of dishonesty, fraud, deceit, or misrepresentation. The agreed facts presented for our consideration do not establish a violation of Rule 8.4(c).

The parties have agreed that under the circumstances presented in this case, the appropriate measure of discipline is a thirty (30) day suspension from the practice of law. The record presented does not permit an extensive examination of traditional factors considered in the determination of sanction, e.g., state of mind, harm, duty, aggravation and mitigation. We are inclined, however, to conclude that the agreed sanction is consistent with our general assessment of discipline in a case of this nature. In this conclusion, we note that the Respondent was a passive participant in the commission of the alleged crime and there is no evidence to suggest that she sought financial gain through her conduct.

In light of the above consideration, we now find that, by reason of her violation of Rule 8.4(b) of the *Rules of Professional Conduct,* the Respondent is hereby suspended from the practice of law for a period of thirty (30) days, beginning January 15, 1993.

Costs of this proceeding are assessed against the Respondent.