DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Marietta Municipal Court judgment in favor of St. Joseph's Hospital, plaintiff below and appellee herein. The trial court awarded the appellee $1,000 for necessary medical services rendered to Ronald D. Hoyt, the defendant below and the appellant herein.
 {¶ 2} Hoyt and his wife, Donna J. Hoyt, raise the following assignments of error:
First Assignment of Error:
"The trial court erred in granting partial summary judgment on the issue of liability where there was no competent Proof in the record that the services for which the defendants were charged were medically necessary."
Second Assignment of error:
"The trial court erred in granting partial summary judgment where discovery had not been provided."
Third assignment of error:
"The trial court erred in overruling defendants' motion to compel discovery."
Fourth assignment of error:
"The trial court erred in placing the burden of proof at trial on the defendants to show that the services rendered by the plaintiff were not medically necessary."
Fifth assignment of error:
"It was error for the trial court to grant plaintiff judgment when the proof offered at trial did not establish the medical necessity of the treatment rendered."
 {¶ 3} On August 25, 2003, the appellee filed a complaint to recover $1,000 in medical services rendered. Appellants filed a pro se answer and disputed the necessity of the medical services.
 {¶ 4} On January 6, 2004, the appellants filed a "motion of discovery," in which they requested, inter alia, copies of Hoyt's medical records. Six days later, the trial court denied the appellants' motion.
 {¶ 5} Appellee subsequently filed a summary judgment motion and asserted that based upon the affidavit and documentary evidence attached to its motion, no genuine issue of material fact remains as to the existence of appellants' obligation for medical services rendered. Appellee submitted St. Joseph's Hospital records keeper Joan Carter's affidavit, in which she averred that the appellants have failed to pay for $1,000 in medical expenses. She stated that the appellants "are indebted to [appellee] for necessary Medical Services rendered." She incorporated into her affidavit a statement of the expenses and a listing of the services rendered.
 {¶ 6} Appellants opposed the appellee's motion and claimed that the appellee failed to present any evidence that the services were medically necessary. They claimed that Carter is not qualified to prove that the expenses were medically necessary. Appellants further invoked Civ.R. 56(F) and stated that they cannot fully respond to the appellee's motion until discovery is completed. Appellants submitted Hoyt's affidavit in support of their opposition memorandum. He stated:
"At about 3:00 PM on October 8, 2001, I went to St. Joseph's Hospital's emergency room because I was experiencing extreme pain on the right side of my chest while breathing. The pain occurred only when I took a breath. Within five minutes of arriving at the emergency room I was given an EKG.
After spending six hours in the emergency room I was admitted to the hospital. I stayed for one night and was discharged at about 4:00 PM on October 9, 2001. At no time while I was at St. Joseph's Hospital was I ever examined by a doctor. The only person who examined me was a physician's assistant.
I was later told by Dr. Rose, who works at St. Joseph's Hospital, that the physician's assistant who examined me stated to Dr. Rose that he thought I had pleurisy.
I was also told by Dr. Rose that the EKG did not show any Cardiac problems.
The billings in this case are for charges to determine whether I had a heart (cardiac) condition.
Less than a month after I was discharged I made a written request to St. Joseph's Hospital through the ethics and admissions department for a copy of my medical records for this visit.
The only records supplied in response to my request were the admittance form from the emergency room, a four-page examination form that was completed while I was in the emergency room and the two-page discharge form from the day I was discharged. I was not given any other documents by St. Joseph's Hospital in response to my request. I need all of the medical records from this hospital visit in order to defend myself in this case.
As of the time I arrived at the emergency room I had been experiencing the pain in the right side of my chest for approximately 11 hours. I reported this to the physician's assistant and I also reported to the physician's assistant that the pain stopped when I held my breath.
After being admitted to a room at about 9:00 PM I was given a shot that I was told was an anti inflammatory painkiller and within a matter of minutes the pain had subsided. This was reported to the nurse [o]n duty at the time.
Within two weeks of my discharge I was told by a person in the ethics and admissions office that St. Joseph's Hospital had a process for reviewing complaints about medical treatment received at St. Joseph's Hospital. I completed forms provided to me in that office to complain about the needlessness of most of the services provided to me. The services I complained about are the same services I am now being sued for in this case.
I was told that my complaint would lead to a process of review by a medical board, the medical director or both.
About 16-months after I was discharged I had a meeting with Jeff Goode, the chief operating officer of St. Joseph's Hospital, and he told me he would personally review my treatment and the billing. During the conversation I asked about the complaint I had previously submitted and he assured me he would personally look into this himself. He did not tell me whether the previous complaint had lead [sic] to the promised medical reviews or what, if any[,] the results of that were. He did tell me that the results of the enzyme test were normal.
I have made discovery request in this case for documents and interrogatories[;] until this discovery is responded to I cannot adequately respond to the motion for summary judgment.
I have reviewed the affidavit of Joan Carter submitted by the plaintiff in support of its motion for summary judgment. She claims in her affidavit that "I am indebted to the plaintiff for `necessary medical services rendered." Joan Carte[r] does not establish in her affidavit that she is qualified to render an opinion that the services were medically necessary. Joan Carter also states that `there are no credits for unpaid payments nor are there any set-offs, valid affirmative defenses or counter claims which would reduce the balance owed by the defendants.' Joan Carter is not qualified to offer an opinion as to weather [sic] there are any valid affirmative defenses.
Three of the charges I am being sued for are for blood tests to check for HIV and Hepatitis because a nurse on the floor had stuck herself with a needle used to draw blood from me. I was asked if the hospital could test my blood for HIV and Hepatitis because of the needle stick, to rule out the possibility of the nurse being infected by me with either HIV or Hepatitis. I was told I would not in any way be charged for this testing because if I declined the `hospital would have to spend thousands of dollars to supply the nurse with preventive treatment' to protect her in case I had either HIV or Hepatitis. Subsequently these items did appear on my bill in section 302-Lab/Immunology and are for the amounts of $43.50, $78.25, and $54.50, which total $176.25."
He also submitted his discovery request and stated that he "need[s] the answers in order to respond to the summary judgment motion and to prepare my defense."
 {¶ 7} Appellants also attached discovery requests to their memorandum.
 {¶ 8} Appellee replied and asserted that the appellants "did not contest any of [the] charges [shown on the statement] or the necessity of those charges at the time the services were provided." Appellee contended that the appellants' discovery requests were filed beyond the discovery deadline, which the court set as January 11, 2004. Appellee further noted that the court previously overruled the appellants' motion for discovery. It also argued that the appellants did not show how responding to the discovery requests would show that they are not liable for the debt.
 {¶ 9} The trial court granted appellee summary judgment on the issue of liability and set the matter for a damages hearing. On March 19, 2004, appellants filed a motion to compel discovery.
 {¶ 10} At the damages hearing, Hoyt argued that the hospital exceeded what was medically necessary and that he should not be liable for unnecessary expenses. The court advised Hoyt that to prove that the expenses were medically unnecessary, he would need an expert witness. Hoyt, however, was his only witness.
 {¶ 11} Appellee's witness, St. Joseph's Hospital records keeper Brenda A. Moss, testified that the statement shows that the appellants owe $1,000. She referred to documents that the hospital and Hoyt exchanged following his treatment and stated: "It's shown with a letter here from Doctor Rose, that they did everything that they would do to rule out — to make sure that it wasn't the heart, and that's the standard of care." Moss also stated that Brenda Thompson, who is part of the management at St. Joseph's Hospital, reviewed the chart, the documentation, and felt that the hospital gave the standard of care that was necessary.
 {¶ 12} On April 13, 2004, the trial court entered judgment in the appellee's favor in the amount of $1,000 plus interest. Appellants filed a timely notice of appeal.
 I {¶ 13} In their first assignment of error, the appellants argue that the trial court improperly entered summary judgment regarding liability in appellee's favor. They assert that the appellee did not meet its burden of demonstrating the absence of material fact regarding whether the expenses were medically necessary. Appellants contend that appellee's affidavit evidence is not competent evidence regarding the necessity of medical services. They assert that Carter, a hospital records keeper, is not a competent witness to testify as to the medical necessity of the services rendered.
 {¶ 14} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786.
 {¶ 15} Civ.R. 56(C) provides, in relevant part, as follows:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 16} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 17} "`It is a settled general rule that a physician or surgeon is * * * entitled to recover the reasonable value of his services. * * * [T]he measure of the value of medical services is not the value to the patient but the reasonable value of the services in the community where they are rendered, by the person who rendered them.' Neurosurgical Assoc., Inc.v. Borowsky (Sept. 18, 1980), Cuyahoga App. No. 41197." Parsell v.Bielser (Nov. 15, 2001), Henry App. No. 7-01-06.
 {¶ 18} In the case at bar, the appellee sought to recover medical expenses it incurred when rendering medical services to Hoyt. To prove its claim, the appellee must establish that the expenses were reasonable and necessary. "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services." Wagner v. McDaniels (1984),9 Ohio St.3d 184, 459 N.E.2d 561, paragraph one of the syllabus.
 {¶ 19} Appellee set forth prima facie evidence of the necessity and reasonableness of the charges. In support of its summary judgment motion, the appellee produced an affidavit that incorporated a statement of the medical expenses. The statement of medical expenses describes the services rendered. According to Wagner, this is prima facie evidence of the necessity and reasonableness of the charges. Because the appellee met its burden of demonstrating the absence of a genuine issue of material fact, appellants then carried a burden to respond with competent evidence to show the existence of a genuine issue of material fact.
 {¶ 20} Appellants responded by producing Hoyt's affidavit in which he challenged the necessity of the medical expenses. He essentially claimed that the appellee exceeded the standard of care. Hoyt's testimony as to whether the appellee exceeded the standard of care is not sufficient evidence to demonstrate the existence of a genuine issue of material fact regarding the necessity of the medical expenses. See, generally, Hoffmanv. Davidson (1987), 31 Ohio St.3d 60, 62, 508 N.E.2d 958 (stating that expert testimony is ordinarily needed to establish the requisite standard of care and skill a physician owes in his treatment of a patient). Instead, his allegation is conclusory, without any supporting factual foundation. See Click v. S. Ohio Correctional Facility,152 Ohio App.3d 560, 2003-Ohio-2208, 789 N.E.2d 643, at ¶ 14. See, e.g. Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 603 N.E.2d 1348
(in a professional malpractice action, expert testimony is generally required unless the claim is within a layman's ordinary knowledge and experience, or is so obvious that it may be determined as a matter of law). To the extent that an issue must be supported by expert testimony at trial, the expert testimony is required on summary judgment.
 {¶ 21} Thus, because the appellants did not respond with competent evidence to show that a genuine issue of material fact remained for resolution at trial, the court did not err in granting summary judgment in appellee's favor on the liability issue.
 {¶ 22} Accordingly, based upon the foregoing reasons, we overrule appellants' first assignment of error.
 {¶ 23} In their second assignment of error, appellants argue that the trial court erred by entering summary judgment when discovery had not been completed. Appellants contend that they complied with Civ.R. 56(F). Civ.R. 56(F) provides:
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
 {¶ 24} Thus, a motion for a continuance to conduct discovery under Civ.R. 56(F) must be supported by a proper affidavit. See State ex rel.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12,577 N.E.2d 352. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." Gates Mills Investment Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 169, 392 N.E.2d 1316; see, also, AdvancedAnalytics Laboratories, Inc. v. Kegler, Brown, Hill Ritter,148 Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, at ¶ 69; Cassnerv. Bank One Trust Co., N.A., Franklin App. No. 03AP-1114, 2004-Ohio-3484. Instead, the party seeking the Civ.R. 56(F) continuance must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance. See Glimcher v. Reinhorn
(1991), 68 Ohio App.3d 131, 138, 587 N.E.2d 462; Gates Mills.
 {¶ 25} The decision regarding a Civ.R. 56(F) is discretionary with the trial court. Gates Mills. An appellate court will not, therefore, reverse the court's decision absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead denotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748. Moreover, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. See, e.g., id.
 {¶ 26} In the case at bar, the trial court did not abuse its discretion by denying the appellants' request to continue the matter for discovery. Hoyt's affidavit states that he needs certain discovery before he can fully respond, but he does not precisely state what the discovery will help him prove. Essentially, his defense is that the expenses were not medically necessary. Further records production from the hospital would not assist him in establishing this defense. Instead, Hoyt needed to present evidence independent of his own belief that the expenses were medically unnecessary. Nowhere in his Civ.R. 56(F) request does he state that further discovery would help him prove that the expenses were medically unnecessary. Hoyt's statements as to the reasons he needed a continuance are conclusory and lack a factual basis.
 {¶ 27} To the extent that the appellants assert that the trial court should have shown leniency, we note that with respect to procedural rules, pro se litigants are held to the same standards as members of the bar.
"While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel."
 {¶ 28} In Justice v. Lutheran Social Servs. (Apr. 8, 1993), Franklin App. No. 92AP-1153; see, also, Jones v. Booker (1996), 114 Ohio App.3d 67,70, 682 N.E.2d 1023; Asset Acceptance LLC v. Evans, Franklin App. No. 04AP-36, 2004-Ohio-3382.
 {¶ 29} Accordingly, based upon the foregoing reasons, we overrule appellants' second assignment of error.
 III {¶ 30} In their third assignment of error, the appellants argue that the trial court erred by overruling their motion to compel discovery.
 {¶ 31} "In discovery practices, the trial court has a discretionary power, not a ministerial duty." State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 57, 295 N.E.2d 659. Thus, the standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. See Mauzy v. Kelly Serv., Inc. (1996), 75 Ohio St.3d 578,592, 664 N.E.2d 1272. "Abuse of discretion" implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. State ex rel.Sartini v. Yost, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 21.
 {¶ 32} The trial court's discretion, however, is not without limits. "Although unusual, appellate courts will reverse a discovery order `when the trial court has erroneously denied or limited discovery.'" Mauzy v.Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 592, 664 N.E.2d 1272
(quoting 8 Wright, Miller Marcus, Federal Practice Procedure (2 Ed. 1994) 92, Section 2006). "Thus, `[a]n appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights.'" Id. (quoting Rossman v.Rossman (1975), 47 Ohio App.2d 103, 110, 352 N.E.2d 149).
 {¶ 33} In the case at bar, we conclude that the trial court did not abuse its discretion by overruling the appellants' motion to compel discovery. Appellants first requested discovery five months after the case began. The court overruled this motion, apparently for noncompliance with the civil rules. Appellants next filed discovery requests in conjunction with their opposition memorandum to appellee's summary judgment motion. The court could have properly determined that this request was filed too late. Then, after the court had ruled on the summary judgment motion and had ruled on liability, appellants filed the motion to compel. Again, the court reasonably could have determined that appellants filed their discovery requests too late.
 {¶ 34} Accordingly, based upon the foregoing reasons, we overrule appellants' third assignment of error.
 IV {¶ 35} In their fourth assignment of error, the appellants argue that the trial court erroneously placed the burden of proof on the appellants to show that the services rendered were not medically necessary. They claim: "It is clear in the trial transcript that the court required [appellants] to produce testimony from which the court could find that [appellee] exceeded the standard of care." We disagree.
 {¶ 36} As we noted in our discussion of appellants' first assignment of error, the appellee presented a prima facie case that the expenses were medically necessary. Thus, the burden then shifted to the appellants to prove that the expenses were not medically necessary. To do so would require them to show that the appellee exceeded the standard of care. The trial court, therefore, did not improperly shift the burden of proof. Instead, it appropriately recognized that the appellee met its burden of proof, thus shifting the burden of proof to the appellants.
 {¶ 37} Accordingly, based upon the foregoing reasons, we overrule appellants' fourth assignment of error.
 V {¶ 38} In their fifth assignment of error, the appellants essentially assert that the trial court's judgment is against the manifest weight of the evidence because appellee did not present sufficient evidence to show the medical necessity of the services rendered. Appellants contend that the records keeper who testified at trial, Brenda Moss, is not competent to testify as to the medical necessity and that the documents she referred to constituted hearsay.
 {¶ 39} Initially, we note that a "weight of the evidence" argument is inapplicable in summary judgment cases. Generally, when a party asserts that a judgment is against the manifest weight of the evidence reviewing courts will employ a deferential standard of review and determine whether the judgment is supported by some competent, credible evidence that goes to all of the essential elements of a case. See Sharp v. Norfolk W.Ry. Co. (1995), 72 Ohio St.3d 307, 649 N.E.2d 1217; State ex rel. Pizzav. Strope (1990), 54 Ohio St.3d 41, 56 Ohio St.2d 765; Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. However, we note that these authorities pertain to the review of a determination made by a trier-of-fact after the parties have submitted conflicting evidence for review and consideration either in a bench trial or a jury trial. In a trial to the court, or in a jury trial, the judge and the jury, respectively, act as the trier-of-fact in resolving claims and conflicting evidence. Summary judgment motions do not, however, involve a trier-of-fact weighing evidence. Rather, in determining whether to grant or to deny a motion for summary judgment, the court must construe the evidence most strongly in favor of the nonmoving party and decide whether reasonable minds can come to but one conclusion and that no genuine issues of material fact remain to be litigated. Again, this exercise does not involve "weighing" evidence. If the nonmoving party brings forth admissible evidence in opposition to the summary judgment motion (again noting that the nonmoving party is entitled to have the evidence construed most strongly in its favor), the court must conclude that reasonable minds could come to more than one conclusion and that summary judgment is inappropriate. See Shiffer v. Safeway Tire Co. (May 9, 1991), Cuyahoga App. No. 58527 (a genuine issue of material fact exists when the relevant factual allegations contained in the documentary evidence attached to a summary judgment motion and opposition brief are in conflict).
 {¶ 40} In the case sub judice, the trial court granted summary judgment in favor of the appellee on the liability issue. Thus, the appellant's argument regarding the weight of the evidence does not apply to this portion of the judgment.
 {¶ 41} With respect to the measure of damages, however, the trial court did conduct an evidentiary hearing. We note that "It is well-settled law that `[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 313,649 N.E.2d 1219 (quoting C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus); see, also, Shemo v.Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018. When reviewing a claim that a trial court's judgment is against the manifest weight of the evidence, a reviewing court must employ "an extremely deferential standard of review." State ex rel. Pizza v. Strope (1990),54 Ohio St.3d 41, 45-46, 560 N.E.2d 765 (citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273). Thus, even "some" evidence is sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20. Moreover, a reviewing court must "be guided by a presumption that the findings of the trier-of-fact were indeed correct." Seasons Coal,10 Ohio St.3d at 80."
 {¶ 42} In the case at bar, we conclude that the trial court's judgment is not against the manifest weight of the evidence. Again, as we noted in our discussion of appellants' first assignment of error, the appellee presented prima facie evidence that the expenses were medically necessary. At trial, Moss's testimony referred to the statement, which constituted prima facie evidence that the expenses were medically necessary. A business record can prove all of the elements of a claim for services rendered. See Greenwood Rehabilitation, Inc. v. Thacker, Lucas App. No. L-03-1213; Columbia Mercy Medical Center v. Roshong (Mar. 16, 1998), Stark App. No. 1997CA332. We therefore disagree with appellants that Moss's testimony is insufficient to prove appellee's case.
 {¶ 43} Accordingly, based upon the foregoing reasons, we overrule appellants' fifth assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only Kline, J.: Concurs in Judgment 
Opinion