DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants Ernest Evans and Markita Crosby appeal from the Ross County Common Pleas Court's decision granting summary judgment in favor of Appellee, Plynn Perrott.[2] Appellants' complaint alleged that appellee Perrott was liable for their injuries because he negligently entrusted his car to defendant Robert Sayers. We find that the affidavits and depositions of Mr. Evans and Ms. Crosby, which appellants rely on to establish genuine issues of material fact, are insufficient to overcome appellee's motion for summary judgment. Because appellants have failed to show that genuine issues of material fact remain as to whether appellee negligently entrusted his vehicle to defendant Sayers, we hold that the trial court properly granted summary judgment to appellee.
 {¶ 2} Appellants assign the following errors:
 {¶ 3} I. "The trial court erred in not considering plaintiffs' motion to place the case on the inactive list, as, in fact, a motion to extend the discovery deadline."
 {¶ 4} II. "The trial court erred in granting summary judgment in favor of defendant, plynn perrott."
 {¶ 5} This case arises out of a March 2, 2000, automobile accident. Appellants suffered injuries while passengers in a pick up truck that defendant Sayers drove and that appellee owned. Appellants subsequently filed suit against Sayers and appellee for general negligence and negligent entrustment. With regard to appellee, the complaint alleged that appellee negligently entrusted his vehicle to Sayers. Appellee answered and denied liability. However, defendant Sayers never appeared in this case after perfection of service.[3]
 {¶ 6} On August 13, 2003, appellee filed a summary judgment motion. Appellee argued that he was entitled to judgment as a matter of law because he: (1) was not negligent with regard to the vehicle; (2) did not give Sayers permission to operate the vehicle and; (3) was not aware that Sayers was in possession of the vehicle at the time of the accident. Appellee's affidavit stated: (1) Sayers did not have appellees permission to use his vehicle on the day of the accident; (2) Sayers lived in appellees home for approximately one year after being released from prison; however, Sayers was not living in appellees home at the time of the accident; (3) during the period of time Sayers lived with appellee, appellee never gave him permission to use any of his vehicles and to his knowledge Sayers never did; (4) on the day of the accident appellee came home from work and noticed that his vehicle was gone and was later notified by Sayers that he had been in an accident in the vehicle; and (5) on the date of the accident appellees keys and his wife's keys to the vehicle were at his home and that he can only assume that Sayers had made a key to his truck while living at his home.
 {¶ 7} Appellants asserted that appellee was not entitled to summary judgment because a genuine issue of material fact existed as to whether appellee gave Sayers permission to use the vehicle. Appellants submitted their own affidavits and depositions in support of their response to appellee's motion for summary judgment.
 {¶ 8} Mr. Evans stated in his affidavit that: (1) he thought the vehicle was owned by Sayers because he rode with Sayers one other time in the vehicle approximately one month before the accident; (2) Sayers told him he had used the vehicle to go to Columbus; and (3) Sayers never mentioned to him that he was not the owner of the vehicle or that he did not have permission to use it if he was not the owner.
 {¶ 9} Ms. Crosby stated in her affidavit that: (1) shortly after meeting Sayers he informed her he lived with appellee and his wife and that on more than one occasion he took her there to meet them; (2) on more than one occasion she was a passenger in the vehicle in the presence of appellee and his wife; and (3) she knew Sayers had permission to use the vehicle because he had it almost everyday and in the presence of appellee and his wife.
 {¶ 10} On September 8, 2003, appellee filed a motion, relying on Civ.R. 56(F), requesting additional time to respond to plaintiff's memorandum contra summary judgment. On October 8, 2003, the court filed an entry noting that it believed Civ.R. 56(F) did not apply because appellee was the movant. However, the court did note that no scheduling order had been made in the matter but that all discovery should be completed by January 15, 2004.
 {¶ 11} Appellant's depositions were conducted on December 1, 2003. Mr. Evans stated in his deposition that he did not know appellee and that he had never met him. Further, he testified that he did not know if appellee ever gave Sayers permission to use his vehicle. Ms. Crosby revealed in her deposition that she had never been in the vehicle when appellee was present.[4] Further she testified that she had not seen appellee on the date of the accident.[5]
 {¶ 12} On December 11, 2003, appellants filed a motion seeking to place the case on the courts inactive list, claiming that Sayers had fled the state and was unavailable as a witness. Appellants contended that because a question existed whether Sayers had appellee's permission to use the vehicle, Sayers is an indispensable witness to a fair and impartial determination of the case. Appellants argued that the case should be placed on the court's inactive list until Sayers could be located. Subsequently, appellee requested the court to deny appellants' motion to place the case on the court's inactive list.
 {¶ 13} In March 2004, the trial court granted appellee's motion for summary judgment and denied appellants' motion to place the case on the court's inactive docket. The court found that there was not an inactive list that covered the circumstances like the matter at hand. The court also noted that it had been almost two years since Sayers had been served and at no time had he or anyone on his behalf made an appearance before the court. Further, the court stated that although appellants alleged that Sayers had fled the state, they gave no indication of his whereabouts, when he might become available, or when he might be discovered. Moreover, the court emphasized that it could not simply allow the case to pend forever in order to track down missing parties and or witnesses.
 {¶ 14} Regarding Appellee's summary judgment motion, the court determined that nothing in appellants' affidavits established a genuine issue of material fact as to whether on the date of the accident, appellee gave Sayers permission to use his vehicle. Further, the court concluded that even if one could draw inferences from the affidavits that Sayers had permission to use the vehicle on the day of the accident, no evidence indicated that appellee knew or should have known that Sayers was an incompetent or unqualified driver. Thus, the trial court granted appellee's summary judgment motion.
 {¶ 15} In their first assignment of error, appellants assert that the trial court erred when it did not consider their motion to place the case on the inactive list as, a motion to extend the discovery deadline under Civ.R. 56(F). Appellee argues that the trial court did not err by failing to treat appellants' motion as a Civ.R. 56(F) motion. He notes that appellants' motion did not mention Civ.R. 56(F) and argues that the motion does not comply with Civ.R. 56(F).
 {¶ 16} Civ.R. 56(F) states: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 17} Trial court's have discretion when determining whether to grant a motion for a continuance. See State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. Absent an abuse of discretion, a reviewing court will not disturb the trial court's ruling. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 18} Here, appellants' motion to place the case on the court's inactive list did not mention Civ.R. 56(F) and they did not specifically request a continuance. Moreover, appellants did not support their request with an affidavit. A Civ.R. 56(F) motion for a continuance to conduct discovery must be supported by a proper affidavit. St. Joseph's Hospitalv. Hoyt, Washington App. No. 04CA20, 2005-Ohio-480 at ¶ 24; State exrel. Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12,577 N.E.2d 352. Further, "[m]ere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." St. Joseph's Hospital at ¶ 24; citing, GatesMills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 169,392 N.E.2d 1316. "[T]he party seeking the Civ.R. 56(F) continuance must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance." St. Joseph's Hospital at ¶ 24; see also Gilmcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138,587 N.E.2d 462.
 {¶ 19} The trial court did not abuse its discretion when it denied appellants request to place the case on the court's inactive list.
Alternatively, assuming arguendo that the trial court considered their motion as a Civ.R. 56(F) motion, the court did not abuse its discretion by overruling the motion. As the court has the inherent authority to control its docket and to decide discovery matters, we cannot say that the court acted unreasonably when, based on the unique facts of the case, it overruled a motion for an indefinite continuance. The record indicates that appellants do not know of Sayers' whereabouts. Further, they have given no indication of his whereabouts or when he might become available or discovered. For that reason, we cannot say the court abused its discretion when it did not interpret a motion to place the case on the court's inactive docket as a Civ.R. 56(F) motion. Moreover, we cannot say the court abused its discretion when it declined to continue the matter.
 {¶ 20} Accordingly, we overrule appellants' first assignment of error.
 {¶ 21} In their second assignment of error, appellants assert that the trial court erred by granting summary judgment. Appellants contend that genuine issues of material fact remain as to whether appellee gave Sayers permission to use his vehicle. Appellee argues that the trial court properly entered summary judgment in his favor. Appellee contends that the affidavits reveal that Sayers did not have permission to use the vehicle. Further, appellee asserts that the affidavits and depositions appellants submitted do not reveal that they knew whether appellee gave Sayers permission to use his vehicle.
 {¶ 22} It is well-settled that appellate courts review summary judgments de novo. See Broadnax v. Greene Credit Service (1997),118 Ohio App.3d 881, 887, 694 N.E.2d 167; Coventry Twp. V. Ecker
(1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327. In other words, appellate courts afford no deference to a trial court's summary judgment decision, see Hicks v. Leffler (1997), 119 Ohio App.3d 424, 427,695 N.E.2d 777; Dillon v. Med. Ctr. Hosp. (1993), 98 Ohio App.3d 510,514-515, 648 N.E.2d 1375; Morehead v. Conley (1991), 75 Ohio App.3d 4090, 411-412, 599 N.E.2d 786, and conduct an independent review to determine if summary judgment is appropriate. Woods v. Dutta (1997),119 Ohio App.3d 228, 233-234, 695 N.E.2d 18; McGee v. Goodyear AtomicCorp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.
 {¶ 23} Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. Cf., also,State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the party requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. StructuralFibers, Inc. 78 Ohio St.3d 134, 145, 1997-Ohio-219, 677 N.E.2d 307, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264. In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless,54 Ohio St.2d at 66. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 {¶ 24} "* * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 25} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. SeeDresher, 75 Ohio St.3d at 293; Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027. With these principles in mind we turn our attention to the case at hand.
 {¶ 26} As a general rule, an owner of a motor vehicle is not liable for the negligent use of the vehicle to another to whom it is entrusted.Williamson v. Eclipse Motor Lines, Inc. (1945), 145 Ohio St. 467, 472,62 N.E.2d 339. The owner may, however, be liable for an injury to a third party on the grounds of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from the known facts and circumstances, entrusts its operation to an inexperienced or incompetent person whose negligent operation causes the injury. Gulla v. Straus
(1950), 154 Ohio St. 193, 93 N.E.2d 662. Thus, in a negligent entrustment action, the plaintiff has the burden of proving that: (1) the vehicle was driven with the owner's permission; (2) the entrustee was in fact an incompetent driver; and (3) the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply that the owner had knowledge of the incompetency. Id. at paragraph five of the syllabus.
 {¶ 27} In this case, appellee pointed to evidence that he did not give Sayers permission to drive the vehicle. He stated in his affidavit that Sayers did not have permission to drive the vehicle. The burden then shifted to appellants to point to evidence showing that appellee gave Sayers permission. Appellants failed to do so.
 {¶ 28} At his deposition, Mr. Evans stated that he did not know appellee and that he had never met him. Thus, he could not point to any evidence that appellee had given Sayers permission to use the vehicle in the past or on the day of the accident. Ms. Crosby stated in her affidavit that on more than one occasion she was a passenger in the vehicle in the presence of appellee and his wife; and that she knew Sayers had permission to use the vehicle because he had it almost everyday and in the presence of appellee and his wife. However, during her deposition she revealed that she had never been in the vehicle when appellee was present and that she had not seen appellee on the date of the accident. Ms. Crosby's testimony clearly contradicts her earlier filed affidavit. As a result, appellants have given clear answers in their depositions which negate the existence of any genuine issue of material fact relating to knowledge that the vehicle was driven with appellee's permission.
 {¶ 29} The Ohio Supreme Court has held it is improper for a court to grant summary judgment to a party when the motion is supported by an affidavit that is inconsistent with earlier deposition testimony because there exists a question of credibility that only the trier of fact can resolve. Turner v. Turner (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123, paragraph one of the syllabus; see Mollett v. Dollar General Corp., Scioto App. No. 04CA2941, 2005-Ohio-589, at ¶ 17. We have established that "[g]enerally, a nonmoving party cannot defeat a motion for summary judgment by submitting an affidavit which, without good explanation, contradicts that party's previous deposition testimony." Mollett at ¶ 17; citing Steiner v. Steiner (July 12, 1995), Scioto App. No. 93CA2191,1995 WL 416941 at *3, citing Crosswhite v. Desai (1989),64 Ohio App.3d 170, 580 N.E.2d 1119; Brannan v. Rinzler (1991),77 Ohio App.3d 749, 603 N.E.2d 1049; Pain Ent. v. Wessling (Mar. 22, 1995), Hamilton App. No. C-930888, 1995 WL 121459; McCain v. Cormell
(June 30, 1994), Trumbull App. No. 93T-4967, 1994 WL 320915; Bellian v.Bicron Corp. (Dec. 18, 1992), Geauga App. No. 92-G-1695,1992 WL 387354.[6] However, this is not a complete bar to the consideration of an affidavit that contradicts prior deposition testimony. Mollett at ¶ 17. Thus, "[a] court may consider a contradictory affidavit where the affiant can provide a legitimate reason for the contradiction, including, but not limited to, affiant's confusion at the time of the deposition, or affiant's previous lack of access to material facts coupled with affiant's averment of newly discovered facts." Id.; See, e.g., Push v.A-Best Prod. Co. (Feb. 20, 1996), Scioto App. No. 94CA2306, at fn. 8;Bulishak v. Finast Supermarkets (Mar. 19, 1992), Cuyahoga App. No. 62301, 1992 WL 55835 at *2.
 {¶ 30} Here, unlike the scenarios discussed above, we have later depositions conflicting with previous affidavits. In our review, there is nothing in the record from appellants that explains the inconsistent evidence they submitted. Further, the content of the evidence presented to rebut the motion for summary judgment is inadequate. Therefore, the claims set forth in appellant's deposition do not satisfy the elements necessary to establish an action for negligent entrustment. Additionally, because appellant's deposition contradicts their affidavits, we should not consider the affidavits in our analysis.
 {¶ 31} In our view, the appellants failed to point to any evidence establishing a genuine issue of material fact as to whether Sayers had permission to use appellee's vehicle. Absent this evidence, appellants cannot prevail on the negligent entrustment claim. Therefore, appellants have failed to meet the burden required under Civ.R. 56. Accordingly, we affirm the trial court's judgment granting summary judgment to appellee.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Harsha, J.: Concur in Judgment and Opinion.
[2] Robert L. Sayers is not a party to this appeal.
[3] The trial court granted plaintiffs-appellants a default judgment against defendant Sayers on May 26, 2004.
[4] This was contrary to what Ms. Crosby stated in her affidavit.
[5] This was contrary to what Ms. Crosby stated in her affidavit.
[6] We have however permitted consideration of the conflict when an affidavit has been filed that sufficiently explains the reason for the discrepancy. Fiske v. Rooney (1998), 126 Ohio App.3d 649, 711 N.E.2d 239.