[Cite as *Citizens Bank v. Hines*, 2013-Ohio-690.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| THE CITIZENS BANK OF LOGAN, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA5 |
| | : | |
| vs. | : | |
| | : | |
| PAM HINES, AKA PAMELA | : | DECISION AND JUDGMENT |
| HINES, ET AL., | : | ENTRY |
| | : | |
| Defendants-Appellants. | : | **Released: 02/07/13** |

_____
APPEARANCES:

Thomas James Corbin, Lancaster, Ohio, for Appellant, Pam Hines.[1]

Jeffrey B. Sams, Pickerington, Ohio, for Appellee.

_____

McFarland, P. J.

{¶1} Appellant, Pam Hines, appeals from a grant of summary judgment in favor of Appellee, The Citizens Bank of Logan, on a creditor's bill, as well as a decree in foreclosure related to seven different properties. On appeal, Appellant contends that the trial court 1) committed error in awarding summary judgment upon plaintiff's motion given defendant's inability to defend against said motion, for want of opportunity to complete intended discovery; and 2) committed error in denying her request for a

---

[1] There were several other named defendants in the proceedings below, however, none of them have filed briefs or are otherwise participating in the present appeal.

continuance, given that she was without the benefit of counsel for an extended period of time.

{¶2} In light of our finding that Appellant's request for a continuance did not meet the requirements of Civ.R. 56(F), we cannot conclude that the trial court abused its discretion in denying Appellant's request for a continuance. As such, Appellant's first and second assignments of error are overruled and the decision of the trial court is affirmed.

## FACTS

{¶3} On July 20, 2010, Appellee, The Citizens Bank of Logan, filed a creditor's bill and complaint, based upon a previously obtained judgment against Appellant, Pamela Hines, in the amount of $1,475,890.83, together with interest in the amount of $42,710.77, late charges and fees totaling $14,840.20, as well as post-judgment interest. In support of its claim, Appellee alleged that Appellant had insufficient personal or real property subject to levy on execution to satisfy the judgment, but that Appellant had an equitable interest in the estate of Laisa Prokos, the executor of which was also named as a defendant in the complaint.

{¶4} On August 25, 2010, Appellee further filed a complaint for money, foreclosure and other equitable relief. The complaint for money related to two different promissory notes held by Appellee as against

Appellant, the first with a balance of $1,086,024.62 plus interest, late charges and fees, and the second with a balance of $283,484.95 plus interest, late charges and fees. The complaint for foreclosure and other equitable relief sought a determination that the mortgages executed in connection with the notes and the judgment lien held by Appellee be foreclosed. Specifically, Appellee sought to foreclose its interest in seven parcels of real property held by Appellant and located in Athens County, Ohio. Multiple other defendants with various alleged interests in the subject properties were named as defendants in the action, however, Pam Hines is the only named defendant that has appealed the decision of the trial court.

{¶5} Appellant filed answers to both complaints and the discovery process began. The two cases were consolidated in the trial court in April of 2011. Appellant's original counsel withdrew from representation in May of 2011, and substitute counsel took over for Appellant from June until September 2011, at which time substitute counsel withdrew as well. Appellee filed a motion for summary judgment on October 3, 2011, during a time in which Appellant was unrepresented; however upon obtaining new counsel November 1, 2011, the trial court granted Appellant an extension until November 30, 2011, in which to respond to the motion for summary judgment.

{¶6} On November 30, 2011, Appellant filed her response to the motion for summary judgment, which also contained a request for a continuance in order to conduct additional discovery. This motion was denied by the trial court on December 12, 2011. The trial court subsequently granted Appellee's motion for summary judgment on December 27, 2011. Further, the trial court issued a final entry on the matter on January 12, 2012, followed by a decree in foreclosure on January 13, 2012. It is from these orders that Appellant now brings her timely appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT COMMITTED ERROR IN AWARDING SUMMARY JUDGMENT UPON PLAINTIFF'S MOTION GIVEN DEFENDANT'S INABILITY TO ADEQUATELY DEFEND AGAINST SAID MOTION, FOR WANT OF OPPORTUNITY TO COMPLETE INTENDED DISCOVERY EFFORTS.

II.  THE TRIAL COURT COMMITTED ERROR IN DENYING DEFENDANT'S REQUEST FOR A CONTINUANCE, GIVEN THAT DEFENDANT WAS WITHOUT BENEFIT OF COUNSEL FOR AN EXTENDED PERIOD OF TIME."[2]

LEGAL ANALYSIS

---

[2] Appellant initially raised three assignments of error on appeal, but later withdrew her first assignment of error, which challenged the trial court's grant of summary judgment in Appellee's favor. Thus, we address Appellant's second and third assignments of error, which have been renumbered as Appellant's first and second assignments of error.

{¶7} As the two assignments of error raised by Appellant are interrelated, we address them in conjunction with one another. In her assignments of error, Appellant essentially contends that the trial court erred in not granting her request for a continuance to respond to Appellee's motion for summary judgment, in part because she was unrepresented by counsel for a period of time, and in part because she desired to conduct additional discovery. Appellee responds by arguing that the trial court did not abuse its discretion in denying Appellant's motion for a continuance in light of Appellant's failure to comply with Civ.R. 56(F) in seeking a continuance.

{¶8} "Pursuant to Civ.R. 56(F), a party may seek additional time in which to develop the facts needed to adequately oppose a motion for summary judgment.* * * Absent an abuse of discretion, an appellate court will not reverse a trial court's ruling on a Civ.R. 56(F) motion." *Ford Motor Credit Co. v. Ryan*, 10th Dist. Nos. 09AP-501, 09AP-555, 09AP-263, & 10AP-274, 189 Ohio App.3d 560, 2010-Ohio-4601, 939 N.E.2d 891, ¶ 100; citing *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, 853 N.E.2d 657, ¶ 9 (internal citations omitted). An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} Civ.R. 56(F) provides: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

{¶10} "Civ.R. 56(F) requires the party seeking a continuance to submit an affidavit stating sufficient reasons why the party cannot present facts essential to justify the party's opposition to the summary judgment motion." *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 13; citing *ABN AMRO Mortgage Group, Inc. v. Roush*, 10th Dist. No. 04AP-457, 2005-Ohio-1763, ¶ 22. " ' When no affidavit is presented in support of a motion for extension under Civ.R. 56(F), a court may not grant an extension pursuant thereto. ' " *Comisford et al. v. Erie Ins. Property Casualty Co.*, 4th Dist. No. 10CA3, 2011-Ohio-1373, ¶27; citing *Cook v. Toledo Hosp.*, 169 Ohio App.3d 180, 2006-Ohio-5278, 862 N.E.2d 181, ¶ 42; citing *Vilardo v. Sheets*, 12th Dist. No. CA2005-09-091, 2006-Ohio-3473, ¶ 29. See, also, *St. Joseph's Hosp. v. Hoyt*, 4th Dist.

No. 04CA20, 2005-Ohio-480, ¶ 24; *Coleman v. Beachwood*, 8th Dist. No. 92399, 2009-Ohio-5560, ¶ 12.

**{¶11}** Here, a review of the record reveals that Appellee filed its initial complaints, one for a creditor's bill and the other for foreclosure, in July and August of 2010, respectively.  Discovery was begun in each, and the matters were consolidated in April of 2011.  Appellant was represented by Attorney Susan Gwinn during this time period, which was approximately nine months.  Ms. Gwinn filed a motion to withdraw on May 5, 2011, which was granted by the court the next day.  Attorney James Vargo filed a notice of appearance on June 7, 2011, and continued to represent Appellant until his withdrawal on September 8, 2011.  Appellee filed its motion for summary judgment on October 3, 2011, during a time in which Appellant was unrepresented.

**{¶12}** However, on October 20, 2011, the trial court issued a journal entry granting Appellant's motion to extend time to hire an attorney.  Appellant's current counsel, Thomas Corbin, filed a notice of appearance on November 1, 2011.  On the same day, the trial court issued an entry extending the time for Appellant to respond to the motion for summary judgment until November 30, 2011.  Appellant filed her memorandum contra to Appellee's motion for summary judgment on November 30, 2011.

This was a dual filing, being titled "Memorandum and Request for Continuance."

{¶13} As part of this filing, Appellant requested a continuance pursuant to Civ.R. 56(F) in order to conduct additional discovery, claiming that "more time is needed by defendants in order to adequately defend against a motion for summary judgment." The affidavit of Appellant was attached in support of her request. However, other than generally referencing that additional discovery was needed, Appellant's affidavit provided little to support her request. Specifically, although Appellant averred that certain depositions were scheduled and then cancelled, she provided no detail as to the efforts she made to conduct this discovery, and provided no information as to how these depositions might advance her cause. Further, although Appellant averred that the "discovery process was disrupted upon withdrawal of counsel[;]" a review of the record reveals that Appellant was only briefly unrepresented from May 6, 2011, until June 7, 2011, and then again from September 8, 2011, until November 1, 2011.

{¶14} The record further reflects that the trial court granted Appellant one extension of time until November 30, 2011, in which to respond to the motion for summary judgment. Appellant waited until the day her response was due to file a request for a continuance. Further, her November 30, 2011,

request and affidavit failed to indicate what discovery efforts had taken place since obtaining new counsel. Additionally, Appellee's response to Appellant's request for a continuance, which was unrefuted below, indicated it had made available to Appellant over 9000 pages of discovery and had only objected to one discovery request, which it complied with after it was tailored by the trial court. Further, Appellee's response below pointed out that Appellant made no effort to conduct additional discovery during the period of the second extension, which was from November 1 until November 30, 2011.

{¶15} Based upon these facts, we cannot conclude that the trial court abused its discretion in denying Appellant's request for a continuance to conduct additional discovery in order to respond to Appellee's motion for summary judgment. See *Sabo v. Hollister Water Association*, 4th Dist. No. 06CA8, 2007-Ohio-7178, ¶ 15 (finding no abuse of discretion in denying request for continuance where party failed to sufficiently explain how discovery would have aided them); *Fifth Third Mortgage Co. v. Rankin*, 4th Dist. No. 10CA45, 2011-Ohio-2757, ¶ 33 (reasoning that the trial court is under no obligation to permit a party to conduct a fishing expedition when they have failed to demonstrate a likelihood of uncovering any pertinent facts) (internal citations omitted); *Evans v. Sayers*, 4th Dist. No. 04CA2783,

2005-Ohio-2135, ¶ 19 (noting that a trial court "has the inherent authority to control its own docket and to decide discovery matters[.]"); *TPI Asset Mgmt. LLC v. Baxter*, 5th Dist. No. 2011CA000007, 2011-Ohio-5584, ¶ 17 (" ' Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment.' ") (internal citations omitted).

{¶16} We are mindful of Appellant's argument that the discovery cutoff deadline, according to the trial court's scheduling order issued September 1, 2011, was not until December 23, 2011. However, because a dispositive motion had already been filed, and the trial court had already granted one extension of time in which to respond to it, and bearing in mind that the trial court's decision is judged under an abuse of discretion standard, we find no error by the trial court. Further, based upon the record before us, it appears Appellant had ample time to conduct discovery, and was, in fact, provided with extensive discovery.

{¶17} In light of the foregoing, we find that Appellant's request for a continuance failed to meet the requirements of Civ.R. 56(F). As such, we cannot conclude that the trial court erred or abused its discretion in denying Appellant's request for a continuance in which to conduct further discovery

and to respond to Appellee's motion for summary judgment. Thus, we

conclude that Appellant's first and second assignments of error are without

merit.  Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court,

BY:  _____
     Matthew W. McFarland
     Presiding Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**